IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERICKA DENISE MOON,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 11-00497-CB-B |
| **MS. MENDEZ,** *et al.*, | : |
| **Defendant.** | : |

### RECOMMENDATION

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing a civil rights complaint under 28 U.S.C. § 1331 and *Bivens*.[1] (Doc. 1). Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). Upon review of Plaintiff's Complaint, it is apparent that venue is not proper in the Southern District of Alabama.[2] Accordingly, this case should be transferred.

Plaintiff is presently confined at the Federal Correctional Institution located in Tallahassee, Florida. In her Complaint, Plaintiff names as Defendants, three employees of the facility,

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

[2] This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.

namely Ms. Mendez, Ms. Rankins and Mr. Mendoza. She also names Dr. Forstoefel, whom she describes as an OB/GYN located in Tallahassee, Florida. According to Plaintiff, these Defendants violated her rights under HIPPA[3] and have failed to provide her with adequate prenatal treatment.

Venue for this action is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.*

In the instant case, plaintiff states that all of the defendants are located in Tallahassee, Florida, and that the alleged events giving rise to her Complaint occurred there. Tallahassee, Florida is located in the Northern District of Florida. Therefore, the undersigned finds, pursuant to 28 U.S.C.

---

[3] The undersigned observes that the Health Insurance Portability and Accountability Act, 42 U.S.C. § 300gg, *et. seq*. ("HIPPA") does not expressly or implicitly confer a private cause of action on an individual. Smiley v. Alabama D.O.T., 778 F. Supp. 2d 1283, 1301 (M.D. Ala. 2011)

§ 1406(a)[4], that in the interest of justice, this case should be transferred to the Northern District of Florida.

Accordingly, it is **RECOMMENDED** that this case be transferred to the United States District Court for the Northern District of Florida.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **10th** day of **November, 2011.**

                                        **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[4] Title 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

4

>       objection may be deemed an abandonment of
>       the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **10th** day of **November, 2011**.

                                    /s/SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**